UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**SHANGHAI GUOBO AUTOMOTIVE
PARTS CO., LTD.,**

        **Plaintiff,**

    v.                             **Civil Action 2:22-cv-1864
Magistrate Judge Chelsey M. Vascura**

**CPIC AUTOMOTIVE, INC.,** *et al.***,**

        **Defendants.**

## OPINION AND ORDER

Plaintiff, Shanghai Guobo Automotive Parts Co, Ltd., brings this diversity action for breach of contract against Defendant CPIC Automotive, Inc., and its shareholders, Defendants Thomas Miller and Cameron Cofer. This matter is before the Court on Defendant Miller's Motion for More Definite Statement (ECF No. 23). For the following reasons, Miller's Motion is **GRANTED**.

By way of background, Shanghai Guobo entered into various purchase orders with CPIC, whereby Shanghai Guobo was to sell non-woven bags to CPIC. Shanghai Guobo shipped the bags as ordered, but CPIC allegedly failed to pay a number of Shanghai Guobo's invoices, with a total outstanding balance of approximately $200,000. Shanghai Guobo asserts claims for breach of contract and unjust enrichment against CPIC, and also seeks to pierce CPIC's corporate veil to recover damages from CPIC's two shareholders, Miller and Cofer. (Compl., ECF No. 1.) In support of its request to pierce the corporate veil, Shanghai Guobo alleges that "Miller and Cofer used CPIC AUTO to perpetrate a fraud against Guobo," but does not provide any other facts

underlying the alleged fraud. (*Id.* ¶ 32.) In his briefing, Miller contends that this conclusory allegation of fraud prevents him from adequately responding to Shanghai Guobo's Complaint. (Miller's Reply 4, ECF No. 28.)

"Rule 12(e) provides that, '[i]f a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading.'" *Williamson v. Rexam Beverage Can Co.*, 497 F. Supp. 2d 900, 911 (S.D. Ohio 2007) (quoting Fed. R. Civ. P. 12(e)); *see also Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 513–14 (2002) ("If a pleading fails to specify the allegations in a manner that provides sufficient notice, a defendant can move for a more definite statement under Rule 12(e) before responding.").

Here, Shanghai Guobo seeks to pierce CPIC's corporate veil to recover damages from its shareholders, Miller and Cofer. Under Ohio law, one of the elements that Shanghai must demonstrate to pierce the corporate veil is that Miller and Cofer "exercised control over the corporation in such a manner as to commit fraud, an illegal act, or a similarly unlawful act." *Dombroski v. WellPoint, Inc.*, 119 Ohio St. 3d 506, 2008-Ohio-4827, ¶ 29. To that end, Shanghai Guobo alleges only that "Miller and Cofer used CPIC AUTO to perpetrate a fraud against Guobo." (Compl. ¶ 32, ECF No. 1.) But because Shanghai Guobo relies specifically on Miller and Cofer's alleged fraud in the operation of CPIC, Shanghai Guobo must satisfy the particularity requirements of Federal Rule of Civil Procedure 9(b). *See*, *e.g.*, *MedChoice Fin., LLC v. ADS All. Data Sys., Inc.*, 857 F. Supp. 2d 665, 676 (S.D. Ohio 2012) ("When a cause of action seeks to pierce the corporate veil on the basis of fraud, it is subject to the heightened pleading requirements of Rule 9(b).").

2

Rule 9(b) requires parties alleging fraud to "state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). The United States Court of Appeals for the Sixth Circuit has explained that "[t]o satisfy Rule 9(b), the plaintiff must allege (1) the time, place, and content of the alleged misrepresentation, (2) the fraudulent scheme, (3) the defendant's fraudulent intent, and (4) the resulting injury." *Smith v. Gen. Motors LLC*, 988 F.3d 873, 883 (6th Cir. 2021) (cleaned up). Shanghai Guobo's single conclusory allegation that Miller and Cofer used CPIC to perpetrate a fraud against Shanghai Guobo does not satisfy this heightened pleading standard. *See Bovee v. Coopers & Lybrand C.P.A.*, 272 F.3d 356, 361 (6th Cir. 2001) ("Generalized and conclusory allegations that the Defendants' conduct was fraudulent do not satisfy Rule 9(b).") The Court will therefore require Shanghai Guobo to file an amended complaint that satisfies Rule 9(b). *See Sky Techs. Partners, LLC v. Midwest Rsch. Inst.*, 125 F. Supp. 2d 286, 299 (S.D. Ohio 2000) (granting motion for more definite statement when plaintiff alleging fraud failed to comply with Rule 9(b)); *Fed. Ins. Co. v. Webne*, 513 F. Supp. 2d 921, 927 (N.D. Ohio 2007) (same).

Shanghai Guobo's arguments to the contrary are unavailing. It cites case law stating that a "[m]otion for more definite statement is designed to strike at unintelligibility rather than simple want of detail. . . . [It] must be denied where the subject complaint is not so vague or ambiguous as to make it unreasonable to use pretrial devices to fill any possible gaps in detail" and that "[f]ederal courts generally disfavor motions for more definite statements. In view of the notice pleading standards of Rule 8(a)(2) and the opportunity for extensive pretrial discovery, courts rarely grant such motions." (Shanghai Guobo's Mem. in Opp'n 2, ECF No. 25) (quoting *Webne*, 513 F. Supp. 2d at 927) (internal quotation marks omitted). However, *Webne*, the case upon which Shanghai Guobo relies for these propositions, went on to hold that a more definite

3

statement was warranted because, just like in this case, "the complaint fails to include an adequately pled underlying fraudulently intentional act" under Rule 9(b). *Webne*, 513 F. Supp. 2d at 927. *Webne* is therefore of no aid to Shanghai Guobo.

Further, contrary to Shanghai Guobo's contention, the invoices and purchase orders attached to the Complaint do not satisfy Rule 9(b)'s heightened pleading requirements. These documents contain no facts related to any misrepresentations, fraudulent scheme, or fraudulent intent. They demonstrate only that CPIC placed orders with Shanghai Guobo. Although Shanghai Guobo alleges that CPIC has not paid for the goods CPIC ordered, failure to pay does not by itself constitute fraud. *See Duff v. Centene Corp.*, 565 F. Supp. 3d 1004, 1023 (S.D. Ohio 2021) ("To state a viable fraud claim under Ohio law, a plaintiff must do more than merely duplicate the factual and legal allegations of a breach of contract claim.") (citing *RAE Assocs., Inc. v. Nexus Commc'ns, Inc.*, 36 N.E.3d 757, 763 (Ohio Ct. App. 2015)).

Next, Shanghai Guobo contends that it is not required to satisfy Rule 9(b) because it has not advanced a separate claim for fraud. However, the case on which it relies for this argument is not binding on this Court, and the Court does not find it persuasive in light of the authority cited above requiring heightened pleading standards when a plaintiff alleges fraud in furtherance of piercing the corporate veil. *Compare Pro Tanks Leasing v. Midwest Propane & Refined Fuels, LLC*, No. 5:12-CV-00129-TBR, 2013 WL 6713215, at *1 (W.D. Ky. Dec. 18, 2013) (operating the corporate form to perpetrate a fraud "is merely an element which is required to be met in order to pierce the corporate veil, not a claim for fraud. As a result, the heightened pleading requirement for fraud claims is not necessary.") *with MedChoice Fin., LLC*, 857 F. Supp. 2d at 676 ("When a cause of action seeks to pierce the corporate veil on the basis of fraud, it is subject to the heightened pleading requirements of Rule 9(b).").

Finally, Shanghai Guobo contends that 9(b)'s particularity requirement may be relaxed when certain information is solely within the defendants' knowledge. The Sixth Circuit has held as much. *See Michaels Bldg. Co. v. Ameritrust Co.*, 848 F.2d 674, 681 (6th Cir. 1988). But unlike the plaintiffs in *Michaels Bldg. Co.*, Shanghai Guobo has not alleged *any* facts in support of its fraud assertion or identified the facts that rest solely in Defendants' possession. *Cf. Michaels Bldg. Co.*, 848 F.2d at 674 ("The particular fraud count specifies the parties and the participants to the alleged fraud, the representations made, the nature in which the statements are alleged to be misleading or false, the time, place and content of the representations, the fraudulent scheme, the fraudulent intent of the defendants, reliance on the fraud, and the injury resulting from the fraud. . . . Indeed, the only fact that plaintiffs omit from their complaint are the identities of borrowers who received sub-prime loans—information which lies in the hands of the defendant."). Indeed, Shanghai Guobo's Complaint does not even identify any representations by CPIC, Miller, or Cofer that Shanghai Guobo believes to have been false. As a result, Shanghai Guobo's conclusory fraud allegation does not meet even *Michaels Bldg. Co.*'s "relaxed" Rule 9(b) standard.

Accordingly, for the foregoing reasons, Miller's Motion for More Definite Statement (ECF No. 23) is **GRANTED**. Shanghai Guobo is **ORDERED** to file an amended complaint that either (1) satisfies Rule 9(b) with regard to any fraud allegations, or (2) removes any fraud allegations, **WITHIN FOURTEEN DAYS** of the date of this Order.

    IT IS SO ORDERED.

    */s/ Chelsey M. Vascura*
    CHELSEY M. VASCURA
    UNITED STATES MAGISTRATE JUDGE